**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHAEL W. INGLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. CIV-11-1502-D** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

**REPORT AND RECOMMENDATION**

Michael W. Ingle (Plaintiff) brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits and supplemental security income under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of Plaintiff's Opening and Reply Briefs [Doc. Nos. 18 and 20], the Commissioner's Brief [Doc. No. 19], and the record (Tr.), the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

**Administrative Proceedings**

Plaintiff initiated these proceedings by filing applications seeking disability insurance benefits and supplemental security income where he claimed, in part, that he suffered from involuntary bowel movements, pain, and numbness [Tr. 9, 123-137, and 151-159]. Plaintiff's

claims were denied and, at his request, an Administrative Law Judge (ALJ) conducted a hearing, where Plaintiff, who was represented by counsel, and a vocational expert (VE) testified [Tr. 23 - 51 and 75 - 76]. The ALJ subsequently found that Plaintiff was capable of performing his past relevant work, and alternatively, of performing other jobs existing in the national economy and, accordingly, was not disabled [Tr. 9 - 18]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review, making the ALJ's findings the final decision of the Commissioner [Tr. 1-3]. Plaintiff has filed this action seeking review of the Commissioner's decision.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).

Relevant to the present action, Plaintiff bears the initial burden of proving that he has one or more "severe" impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If he carries that burden, the ALJ will conduct a residual functional capacity (RFC) assessment at step four to determine what if anything the claimant can still do despite his impairments. 20 C.F.R. §§ 404.1545(e), 416.920(e); *Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1048 (10th Cir. 1993). At the conclusion of step four, Plaintiff once again carries the burden and must show an inability to return to past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); *Potter v. Secretary of Health & Human Services*, 905 F.2d 1346, 1349 (10th Cir. 1990). If he succeeds, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner,* 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

While Plaintiff presents several claims of error on judicial review, remand is recommended because the ALJ failed to properly consider Plaintiff's bowel incontinence symptoms in assessing Plaintiff's residual functional capacity ("RFC").[1] Accordingly, the remaining claims have not been specifically addressed. *See Watkins v. Barnhart,* 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

**Analysis**

The ALJ found that Plaintiff suffers from disc bulges in the cervical and lumbar spine, lumbar spondylolisthesis, bowel incontinence, hypertension, and obesity, all of which were severe impairments because they cause significant limitations in his ability to perform basic work activities [Tr. 11]. Following his review of the medical, opinion, and other evidence of record and after finding that Plaintiff's subjective complaints about the extent of his symptoms were less than fully credible, the ALJ concluded that, regardless of his impairments, Plaintiff had the RFC[2] to perform light and sedentary work except that he could only occasionally bend and stoop [Tr. 13].

Specifically with regard to the credibility of Plaintiff's complaints about the symptoms

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[2] "After finding severe impairments, the ALJ still had the task of determining the extent to which those impairments . . . restricted [claimant's] ability to work." *Oldham v. Astrue,* 509 F.3d 1254, 1257 (10th Cir. 2007).

of his bowel incontinence, the ALJ found that

> [a]lthough the claimant testified that he had . . . bowel incontinence that interfered with his daily activities, the undersigned does not find these subjective allegations supported by the evidence of record. The claimant testified that his bowel continence was irregular and the medical evidence of record fails to show a spinal injury likely to cause this condition.

[Tr. 15].[3]  Thus, no restrictions were included in Plaintiff's RFC relating to his claim that he averages one to three weekly episodes of bowel incontinence that come with only seconds of warning and which are very irregular in that "it might happen one day and it might happen several times that day and then it might not happen for three or four days. But then it will happen and then I've got the mess to clean up." [Tr. 36 - 37].  In turn, no such limitations were included in the hypothetical questions posed to the vocational expert by the ALJ [Tr. 43 - 48].  Under questioning by Plaintiff's attorney, however, the vocational expert testified that a claimant could not maintain a job if he had an unpredictable need to be away from a work station two to three times a week in clusters of two to three times for fifteen to twenty minutes each [Tr. 48].

Under Social Security Administration ruling,

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about . . symptoms and their functional effects is the degree to which such statements can be believed and accepted as true.  When evaluating the credibility of an individual's

---

[3]Unless otherwise indicated, quotations in this report are reproduced verbatim.

statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

Social Security Ruling 96-7p, 1996 WL 374186, at *4. Here, the ALJ seized on Plaintiff's statement that his episodes of bowel incontinence were "irregular," [Tr. 37], and used it to suggest a sporadic condition[4] and to support a finding that such a condition would not interfere with Plaintiff's daily activities [Tr. 15]. In so doing, however, the ALJ ignored what Plaintiff clearly intended in using the word "irregular": "[I]t's very irregular. There's - - I mean it might happen one day and it might happen several times that day and then it might not happen for three or four days. But then it will happen and then I've got the mess to clean up." [Tr. 37]. Thus, the ALJ failed to provide specific reasons why he did not accept as true Plaintiff's statement that his episodes of incontinence occurred, on average, several times a week without adequate warning and required him to then deal with "messy clothes" if he was not in a bathroom at the time of an episode [Tr. 36].

The only other specific reason offered by the ALJ in support of his finding that Plaintiff's statements about his bowel incontinence symptoms were not credible was that "the medical evidence of record fails to show a spinal injury likely to cause this condition." [Tr. 15]. The fact that a neurologist found that Plaintiff's complaints of losing bowel control "would [be] attribut[able] to the patient's medication since there is no evidence of indication of signal change in his spinal cord at any level," [Tr. 284], does not support a finding that

---

[4]In his briefing, the Commissioner characterizes the condition as "intermittent." [Doc. No. 19, p. 9].

Plaintiff's statements about his symptoms are less than true.

With respect to the Commissioner's argument that the ALJ did not err by failing to include any functional limitations resulting from Plaintiff's bowel incontinence in his RFC "because the evidence of record did not show any cause for the symptoms," [Doc. No. 19, p. 9], the evidence of record established that Plaintiff suffered from diagnosed fecal incontinence and, consequently, there was a documented "cause" for the symptoms. *See* Tr. 225.  And, the ALJ is required to consider the effect of all medically determinable impairments, severe or not, in calculating the claimant's RFC, a process that requires a credibility assessment.  *See* 20 C.F.R. § 404.1545(a)(2), 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe," . . . when we assess your [RFC].")

A remand is required in order that the credibility of Plaintiff's statements with regard to the symptoms of his bowel incontinence can be properly evaluated in conjunction with an assessment of his RFC.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, it is recommended that this matter be reversed and remanded for further proceedings in accordance with this report. The parties are advised of their right to object to this Report and Recommendation by December 10, 2012, in accordance with 28 U.S.C. §636 and Fed.R.Civ.P. 72(b)(2). The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*,

950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 20th day of November, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE