IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL W. INGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-11-1502-D |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | | |

**ORDER**

Before the Court is the Plaintiff's Application for Attorney Fees [Doc. No. 24] pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). As Plaintiff correctly states, the EAJA permits an award of attorney fees and expenses to a prevailing plaintiff in certain actions against the government, including Social Security claims. In this case, Plaintiff prevailed in his action against the Commissioner of the Social Security Administration, as the Court reversed the denial of Plaintiff's application for benefits, and remanded the matter for further agency proceedings. *See* December 19, 2012 Order [Doc. No. 22] and Judgment [Doc. No. 23]. As a prevailing party within the meaning of the EAJA, Plaintiff is entitled to an award of reasonable attorney fees. *See, e.g., Shalala v. Schaefer*, 509 U.S. 292 (1993). Plaintiff seeks an award of $6,125.20. Defendant Commissioner has not filed an objection to Plaintiff's attorney fee application, and the deadline for doing so has expired.

Plaintiff's application is accompanied by counsel's affidavit and documentation reflecting

---

[1] On February 14, 2013, Carolyn W. Colvin was named Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this case.

the work performed by counsel on Plaintiff's behalf, the time expended on each action taken, and the hourly rate charged for each item of work performed. Appendix to brief in support of application [Doc. No. 24], pp. 9-10. Also accompanying his application are materials reflecting the average hourly rate approved by the Social Security Commission for legal services performed on behalf of claimants.

The Court has reviewed the documents submitted by Plaintiff and finds that the hourly rates charged, the time expended, and the resulting total fees and costs incurred are fair and reasonable. Accordingly, the Court approves an EAJA fee award in the amount of $6,125.20. The EAJA fee must be paid directly to Plaintiff and not to his counsel. *Manning v. Astrue*, 510 F. 3d 1246, 1249-55 (10th Cir. 2007). However, it may be sent to Plaintiff in care of his counsel. If Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U. S. C. § 406(b), he must refund the smaller of the EAJA or the § 406(b) award to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Subject to the foregoing, Plaintiff's application for an EAJA fee award of $6,125.20 is GRANTED.

IT IS SO ORDERED this 10th day of April, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE